PATRICK J. HEALY, EXR. *v.* NELLIE PARKHURST.

May Term, 1922.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 11, 1922.

*Ejectment—Possession—Outstanding Title.*

In an action of ejectment by an executor, where his testatrix had prior actual possession, not apparently wrongful, the defendant cannot

set up an outstanding title in a stranger, unless she connects herself with that title.

ACTION OF EJECTMENT.   Plea, the general issue.   Trial by the court at the December Term, 1921, Bennington County, *Butler*, J., presiding.   Judgment for the plaintiff.   The defendant excepted.   The opinion states the case.   *Affirmed.*

*J. K. Batchelder* for the defendant.

*C. M. Graves* and *Henry Chase* for the plaintiff.

WATSON, C. J.   This is an action of ejectment, brought by the plaintiff as executor of the estate of Kate Healy, deceased, to recover the seisin and possession of the demanded premises, and damages for their occupancy and use.   The trial was by court, and to the judgment for the plaintiff on the facts found defendant excepted.

The record shows that the plaintiff's testatrix was a devisee in fee of the premises, and was in the actual possession thereof for more than two years prior to and at the time of her decease, February 16, 1918; that the plaintiff is the duly qualified executor of the Kate Healy estate, which estate is now in process of administration, no final decree of distribution having been made; that about three weeks after the death of the testatrix, defendant took and hitherto has held possession of the premises, occupying part of the house, and renting part and collecting the rent; that on August 27, 1920, the plaintiff, by his attorney, gave defendant notice in writing to quit and vacate the land, thereafter bringing this action.

Defendant introduced evidence showing that on October 22, 1913, Kate Healy gave a warranty deed of the property in fee to the plaintiff, Patrick J. Healy; but no evidence was offered nor introduced tending to connect defendant in any way with whatever title Patrick J. might have by reason of that deed.   Defendant introduced evidence tending to show, and it is found, that a suit in chancery was instituted by Kate Healy in her lifetime against Patrick J., seeking to have that deed cancelled for reasons stated in the bill.   This equity suit was standing on the court docket when the present case was commenced and tried.

It is further found that defendant has no title to the premises, is holding without right, and has paid nothing for the use and occupation thereof, by way of rent or otherwise.

As the sole question in the case, defendant urges that this action cannot be maintained by the plaintiff, in view of the fact shown of an outstanding title, though she be in nowise connected with such title, citing in support of this position *Townsend* v. *Estate of Downer*, 32 Vt. 183. But this is ignoring the distinguishing fact, appearing in the instant case, of prior actual possession, not apparently wrongful, of the testatrix. In these circumstances the defendant in this action cannot set up an outstanding title in a stranger unless she connects herself with that title. Herein lies a well established qualification which must be recognized in connection with the rule that the plaintiff in ejectment must recover upon the strength of his own title without regard to the weakness of defendant's claim. *Perkins, Admr.* v. *Blood,* 36 Vt. 273; *Stacy, Admr.* v. *Bostwick,* 48 Vt. 192. This qualification is pointed out in the Perkins case, and the differentiation of the Townsend case, on which defendant here relies, is noticed, the court saying the rule of decision in that case is not inconsistent with the principle so qualified, since the plaintiff there did not rely upon prior actual possession as a ground of recovery, the outstanding title being there relied upon as a defense *to* and not *against* the actual possession.

In defendant's brief our attention is called to the fact that the commissioners have not reported on the estate of Kate Healy, and that if the judgment be affirmed in this action, the amount recovered would be liable for the debts of the estate and, as the property has not been decreed to the plaintiff under the will, defendant would not be able to plead payment of the damages in bar, if the equity suit should be decided in favor of Patrick J. Healy and he should seek to recover damages for the alleged trespass in an action of his own. It is enough to say, at this time, concerning the right of defendant so to plead in bar in the circumstances mentioned, that since, as between the plaintiff's testatrix and the defendant, the prior actual possession of the former, if established, would prevail, the plaintiff, as her executor, is entitled to recover. *Perkins, Admr.* v. *Blood,* 36 Vt. 273. It will be time enough to consider the question suggested as to

the right to plead in bar, when in some concrete form it is properly before the court.

*Judgment Affirmed.*